## *t* Oyster *against* Waugh.

The amount of a judgment, which has been assigned by general terms, and the payment of it guarantied, is not to be controlled by a statement in figures annexed to the assignment. The guarantee is of a contingency, not of an amount which either party may certainly ascertain by a recurrence to the record.

ERROR to the common pleas of *Cumberland* county.

This action by Abraham Oyster against William Waugh is founded on the following facts:

On the 1st of October 1823, William Waugh executed and delivered, for a valuable consideration, the following papers:

"George Burd and others *v.* John Carothers, Esq. Common pleas of Cumberland county.

"In this case I assigned my interest in this judgment to Abraham Oyster; and if Isaac B. Parker, whose name was marked to the record, makes any further charge, I will keep Abraham Oyster clear by his withholding payment of any fee he may demand.

"W. WAUGH.

"October 1st, 1823."

"George Burd and others *v.* John Carothers, Esq. In the common pleas of Cumberland county, Pennsylvania.

"In this case I have assigned to Abraham Oyster my interest in this judgment, being my own and my brother's parts.

"W. WAUGH.

"October 1st, 1823.

"Amount, 989 dollars 32 cents."

"George Burd, William Waugh, Jane Waugh and Mary Ann Waugh, by John Hough, their guardian *v.* John Carothers, Esq. August term 1821.

October 1st, 1823. For value received I transfer to Abraham Oyster the two-fifths of this judgment, as witness my hand, being my own and my brother's interest. I guaranty payment of the same.

"W. WAUGH.

"Test—B. Aughinbaugh."

The amount of the two-fifths of the said judgment on the 1st of October 1823, was 901 dollars 54 cents, and not 989 dollars 32 cents; and Isaac B. Parker, Esq., who was the attorney of the said William Waugh, collected the amount due upon the said judgment on the 22d of August 1825, which was 996 dollars 95 cents, and did charge and retain out of the said money for collecting the same, 29 dollars 90 cents; and the said Abraham Oyster only received, on the 23d of August 1825, from Mr Parker, the attorney, the sum of 967 dol-

[Oyster v. Waugh.]

lars 5 cents. His claim, therefore, in this suit, is to recover from William Waugh as thus stated.

Amount assigned as above stated,　　-　　-　　$989 32
Interest from October 1st, 1823 till August 22d, 1825,　112 18

$1101 50
Amount actually received by A. Oyster, as above stated,　967 05

Interest from August 22d, 1825 till paid,　　　$134 45

The court below (Reed, president) was of opinion, that, although all the papers executed between the parties about the same subject were to be taken *in pari materia*, yet the guarantee was not of the amount assigned, but of the contingency as to the ability of the defendant to pay the same; and directed the jury to find against the plaintiff as to that part of his claim.

*Watts*, for plaintiff in error, contended, that all the papers together exhibit a contract between the parties by which a judgment of a certain amount was assigned, and the payment of it guarantied; and that there is no reason why the guarantee is not as well applicable to the amount for which the assignor received value, as the contingency which belonged to the subject.

*Williamson*, for defendant in error.

The figures annexed to the paper were mere matter of description; and if any importance were to be given to them, it could not be enforced in this form of action, but only in an action on the case founded on an allegation of fraud in representing the judgment to be in amount what it was not.

Per Curiam.—The statement of the amount in figures is but matter of description. It is like a recital of quantity in a conveyance, which does not amount to a warranty of the fact. The guarantee was intended to provide for what was contingent, not what was certain; and it therefore is inapplicable to a mere estimate, whose accuracy could have been tested by a recurrence to the docket, which was equally accessible to both parties. The plain meaning of the undertaking was, that the judgment should be paid; not that the interest assigned should be of a particular value.

Judgment affirmed.